Filed 3/27/24  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LEE ALLEN JOHNSON,

    Defendant and Appellant.

E080742

(Super.Ct.No. FVA901805)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Reversed and remanded with directions.

Nate Crowley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, and Kristen Chenelia and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2022, Lee Allen Johnson sought resentencing under Penal Code section 1170.91, which the trial court denied.[1] On appeal, Johnson argues, and the People agree, that recent changes to section 1170.91 make him eligible for resentencing, and that the trial court erred by finding him ineligible.[2] We agree with the parties, reverse, and remand.

## BACKGROUND

In 2021, Lee Johnson pled guilty to voluntary manslaughter (§ 192, subd. (a)) and admitted to a firearm use enhancement (§ 12022.5, subd. (a)). In return, he received a stipulated sentence of 21 years.

In December 2022, Johnson petitioned for resentencing under section 1170.91. The prosecution opposed the petition, citing *People v. King* (2020) 52 Cal.App.5th 783 (*King*) for the proposition that resentencing under section 1170.91 was not available to those serving stipulated sentences.

The court heard and denied the petition in February 2023. At the hearing the prosecutor acknowledged Johnson would be a "great candidate for the Court's consideration," but submitted on the argument in their opposition. The court agreed, denying the petition based on the People's briefing.

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Johnson also argues that trial counsel's failure to raise this argument below constituted ineffective assistance of counsel. Because we reverse and remand, this argument is moot, and we need not address it.

DISCUSSION

Section 1170.91 provides relief to defendants who were or are members of the United States military "who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of [their] military service." (§ 1170.91, subds. (a), (b)(1).) One form of relief this section offers is that defendants currently serving a sentence for a felony conviction may petition for resentencing. (§ 1170.91, subd. (b)(1).) However, prior to January 1, 2023, this relief was not available to those serving a stipulated sentence. (*King, supra,* 52 Cal.App.5th at pp. 790-791.)

This changed early last year. Effective January 1, 2023, the Legislature amended section 1170.91 to specify that if a "person satisfies the criteria, the court may, in the interest of justice, *and regardless of whether the original sentence was imposed after a trial or plea*," resentence a petitioner. (§ 1170.91, subds. (a), (b)(1) & (b)(3), Stats. 2022, ch. 721, § 1 (italics added).) This court has already considered these amendments and concluded they "clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91." (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168 (*Harrell*).) Accordingly, as of January 1, 2023, defendants serving stipulated sentences who are otherwise eligible for relief may be resentenced under section 1170.91.

The trial court denied Johnson's petition in February 2023, one month after these amendments went into effect. Both parties agree this means Johnson was eligible for resentencing at the time the trial court made its decision, and the trial court erred when it

3

concluded otherwise.[3] We agree with the parties, and therefore reverse the order denying Johnson's petition and remand to allow the trial court to reconsider the petition taking into account the amendments to section 1170.91 and our decision in *Harrell*.

## DISPOSITION

We reverse the order denying Johnsons' petition for resentencing under section 1170.91 and remand for reconsideration.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:

CODRINGTON _____
Acting P. J.

FIELDS _____
J.

---

[3] The error is understandable given that the parties did not point out the amendment and our decision in *Harrell* had not issued.